On Application for a Rehearing.
BreauX, J.
Plaintiff for a rehearing has reduced his grounds to^ three, in as many paragraphs. We paraphrase them as follows, viz:
1. That he can not be made to pay the taxes due on the property assessed prior to the 31st day of December, 1879.
The price paid by him operated as final discharge of all taxes due on the property prior to that date.
The inscriptions for taxes due to that date were canceled by 'the sale.
2. That there is error in holding that the validity and the legal effect of' the assessment which is the basis of the taxes sought to be enforced should be tested under the provisions of Section 52 of Act 77 of 1880.
That there was no warrant for the sale made to plaintiff but the Act 82 of 1884, etc.
3. He alleges further that his bid made Mm the absolute owner of' the property.
He took the property burdened with the taxes due since the 31st- *682 December, 1879, but that he was not bound to pay at the date of purchase, his contract being to assume and take the property subject to all unpaid taxes on the “same, subsequent to December 31, 1879.
That he acquired a perfect title, and such ‘ ‘ taxes as may be against him under his contract form part of the unpaid purchase price for which the State has a vendor’s lien on the property, which may be enforced, as such, but not summarily as taxes, and above all, under the provisions of Act 86 of 1888, which apply exclusively to •property adjudicated to and not otherwise disposed of by the State.”
That the property having been disposed of can not be sold under the law authorizing the sales of property adjudicated to the State for taxes.
1. The first ground is at once disposed of without discussion, for it does not admit of any.
Without changing the conclusions of this court or the decree heretofore made, we will state that the defendant claims taxes from December 31, 1879, and that under the plain letter of Act 82 of 1884, the taxes from December 31, 1879, are due by the plaintiff and not the taxes assessed, prior to that date, as plaintiff alleges and apprehends.
2. Whether or not the legal effect of the assessment upon which rests the authority to enforce the payment of taxes should be tested under the provisions of Section 52 of Act 77 of 1880, has no important bearing.
The plaintiff bought the property as assessed. He can not successfully question its legality.
The State, to collect the taxes due, divested the tax debtors of their ownership of this property and has given to plaintiff the opportunity to become the owner, of which he availed'himself.
He does not contend that this assessment is not sufficiently legal to enable him to hold the property as against the former owners.
He does not allege that he fears eviction and that he will be made to loose the property on account of any illegality.
If a vendor seeking to realize a balance unpaid of the purchase price is opposed with the objection that there is a defect in the title, but no allegation is made to the effect that the defect will give rise to any claim, the vendee will, not be permitted to defeat the vendor’s *683 claim and privilege on technical grounds serving no purpose but pleaded only to escape payment.
The illegality,, per se, is of no moment if a right is not asserted against the title.
If no right is claimed there can not be any issue.
The former owners having no claim on that ground, 'it not being permitted for the State to set up any, predicated upon an illegal assessment, and as the present plaintiff contends that he' is the legal owner, questions with reference to illegal assessment can not arise.
8. The third ground contains the proposition upon which plaintiff relies to be relieved from the payment of the taxes he has assumed to pay.
He is the owner, is the burden of his pleadings, but suggests that he owns subject to a vendor’s lien.
When the property was adjudicated to him he assumed the taxes assessed since 1879.
The “purchaser shall, however, assume and promise to pay, and shall take said property subject to all unpaid taxes.” Act 82 of 1884.
He is now pleased to contend that he should be decreed to be the owner of the property, and that the remaining price unpaid is secured by a lien.
As a man binds himself so must he be bound is a principle from which he seeks to be relieved, by contending that he owes an amount which is secured by a lien..
We do not deny that the remainder is the unpaid purchase price, but none the less, taxes which the purchaser assumed and which are secured as to their payment, as taxes are secured under the provisions of law.
We will not undertake to change a tax indebtedness to a nondescript claim and an uncertain privilege, such as plaintiff would allow.
Taxes are positive acts of the government. They are not a debt. Desty, p. 9.
Properties were adjudicated to the State. The only purpose of the ownership was to secure the payment of the taxes.
In adjudicating the property to the plaintiff the State can not be held to have defeated the object in view; to have abandoned the purpose of the divestiture of title; (i. e., the collection of taxes) and to have relinquished any remedy for their collection.
*684 “ The taxing power is inherent in every sovereignty, and there can-' be no presumption in favor of its relinquishmenr, surrender or abandonment.” Desty, p. 79.
‘ ‘ The whole community is interested in retaining the power of taxation undiminished, and it has a right to insist that no abandonment shall be presumed in any case where the deliberate purpose does not appear.
“ It is never presumed to be relinquished, unless the intention to. relinquish is declared in clear and unambiguous terms.
“It cannot be presumed to be abandoned, surrendered, except by clear words and for legal and adequate consideration.” Ib.
The plaintiff can not successfully assume the attitude of an adjudieatee, and the rights of perfect ownership, without having complied with all the terms of his bid.
Much less can he, by thus assuming, defeat the State in the collection of taxes, and in carrying out the policy that ■ the ‘ ‘ common burden must be sustained by common contributions.”
There is no difference in reality about the liability; the question relates particularly to the remedy to enforce payment.
It is objected that collection can not be made by execution, and in accordance with the summary process provided for the collection of taxes.
“ The power to assess and collect taxes implies the power to enforce their collection by execution.” Desty, p. 82.
“But where the language will permit, statutes relating to taxes shall be so construed as to give effect to the obvious intention and meaning of the Legislature rather than to defeat that interest by a too strict adherence to the letter.” Ib.
“ The sovereign right to levy and collect taxes grows out of the paramount necessity of the government, an urgent necessity which admits no property in the citizen while it remains unsatisfied.” Ib., p. 51.
The taxes are due on the property. .
The Constitution and all other laws on the subject provide a summary process for their collection.
Let us suppose that the portion paid of the purchase price had not been paid, the State would have the right to have the property-seized and sold under the summary tax collecting process.
*685 If this would he true of the amount paid, if it had not been paid, it is correct interpretation as to the amount assessed.
The State remains the owner only to carry out the intention of the Legislature, and to collect the taxes due.
We are referred to the cases in re Orloff Lake, 40 An. 148, and of in re Douglas, 41 An. 768, as decisive authorities in this case.
For the sake of some brevity, we make a summary of the issues in the first.
Nullity is pleaded. Insufficiency and illegality of .the assessment. Want of notice.
Act 82 of 1884 is unconstitutional.
The property never was adjudicated to the State. It was advertised for sale to enforce the payment of delinquent taxes, but contrary to the provisions of said act, as it only provides for the sale of property that had been previously adjudicated to the State. On the part of defendant, the plea of no cause of action was filed. Among the defences interposed is the following:
5. “That all of the prerequisites of the law were complied with by all the officers from the assessment up to and including the execution and registry of the deed of said purchaser.
“If only a portion of the taxes for which the property is sold are proved to have been paid, the sale and title to the purchaser shall nevertheless be good and valid the same as if all the taxes for whiph it is sold had not been paid.
“The court held as follows, viz: ‘We think the law is constitutional, and the exception of no cause of action should have been ■sustained.’ ”
In this case, as well as the case in re Douglas, it is decided that the tax sale under Act 82 of 1884 is conclusive as against the former ■owner, hut the right of the State to recover the unpaid taxes was not considered. No such issue was presented, and therefore these cases have not the authoritative bearing the plaintiff is pleased to contend they have.
The tax has remained unpaid these many years. The ordinary process has not brought about a settlement.
A warrant to enforce compliance or a sale is legal.
Should he comply with the law, the sale as between the State and the plaintiff will become as absolute as it is now between the plaintiff and the former owner.
Rehearing refused.